49 CCPA

**Application of Elmer Carl KIEKHAEFER.**

**Patent Appeal No. 6739.**

United States Court of Customs and Patent Appeals.

March 9, 1962.

See also 299 F.2d 869.

Andrus & Starke, Elwin A. Andrus, Milwaukee, Wis. (Solon B. Kemon, Kemon, Palmer, Stewart & Estabrook, Washington, D. C., Guenther W. Holtz, Appleton, Wis., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (George C. Roeming, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, MARTIN and SMITH, Judges, and Judge WILLIAM H. KIRKPATRICK.[*]

RICH, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the examiner's rejection of claims 1 and 2 in application serial No. 604,968, filed August 20, 1956, entitled "Forward Rake Gear Shift Outboard Motor." This application is a division of application serial No. 301,704 and entitled to its filing date, July 30, 1952.

Appellant's invention is directed to an improvement in forwardly[1] raked outboard motors, i. e., those in which the upper or motor unit is positioned forwardly of the lower or propeller unit so that in use the drive shaft slopes downwardly and rearwardly. The propeller unit includes a horizontal propeller shaft having an axial bore in its forward end. A clutch element, in the form of a flat bar, forwardly biased by a spring and plug within the bore, extends laterally of the shaft through a longitudinal slot therein, protruding from opposite sides thereof. Forwardly of, and in engagement with, the clutch element is a cylindrical clutch-actuating pin which extends axially beyond the forward end of the bore. Two bevel gears, located, respectively, forwardly and rearwardly of the clutch element, are rotatably mounted on the propeller shaft with their teeth, and also with clutch teeth, facing each other and the clutch element. A drive shaft, having a pinion at its lower end in engagement with both bevel gears, connects the motor unit and the propeller unit. Due to the rake of the entire motor, the drive shaft is forwardly raked.[2] Located parallel to the drive shaft, and hence also forwardly raked, is a gear

---

[*] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Judge O'CONNELL, pursuant to provisions of Section 294(d), Title 28 United States Code.

[1.] Forwardly, as here used, means toward the bow of the boat on which the motor is used. The disclosed degree of rake is 20° inclination from the vertical. This places the horizontal propeller shaft at an angle of 110° with its downwardly and rearwardly extending drive shaft.

[2.] Since neither claim on appeal specifically requires that a drive shaft, let alone a forwardly raked drive shaft, be included in appellant's combination, we have assumed that appellant does not

shifting control rod adapted to be rotated about its axis and having a cylindrical eccentric or offset crank portion at its lower end. A cylindrical bearing is mounted on the eccentric in "substantial alignment" with the propeller shaft's clutch control pin. By rotating the control rod, the bearing carried on its eccentric may be moved rearwardly and into engagement with the clutch-actuating pin, causing the pin to push the clutch element rearwardly in the propeller shaft bore. Since the direction of rotation of the propeller shaft is controlled by the forward or rearward positioning of the clutch element, i. e., by the gear with which it is engaged, the propeller may be caused to run either forward or in reverse by rotation of the control rod.

Claim 1 is exemplary and reads as follows:

"1. In an outboard motor having an underwater gear housing and a generally horizontal propeller shaft extending rearwardly of said housing with reference to the direction of propulsion, the forward portion of said shaft having an axial bore opening from the forward end of said shaft and within said housing, drive means for said shaft including a forward and reverse clutch having a clutch member movable axially on said propeller shaft an actuator pin for said clutch member slidable within said bore and having a forward end projecting from said bore and extending forwardly of said shaft, said pin having a forward position providing the forward drive of the propeller and a rearward position providing the reverse drive of the propeller, a spring biasing said pin in the forward direction, and manually rotatable control means for moving said pin rearwardly against said spring and comprising a *rod rotatably carried within said housing and having an eccentric engaging the projecting forward end of said pin* so that a given rotation of said rod effects a rearward movement of the eccentric and pin, *said rod having a substantial forward rake* wherein the upper end of the rod is disposed forwardly of the lower end thereof and the upper angle between the rod and the pin is substantially greater than 90° *so that* said given *rotation of the rod includes movement of the portion of said eccentric which is in engagement with said pin in an upwardly direction* whereby the eccentric operates as a cam *effecting a corresponding additional axial movement of the pin* in a rearward direction against said spring." [Emphasis ours.]

The references relied on are:

Kiekhaefer    2,623,490    Dec. 30, 1952
Konig (German)    747,280    Sept. 18, 1944

The Kiekhaefer patent discloses an outboard motor substantially like that of the instant application except for the concept of forwardly raking the outboard motor and thereby increasing the angle between the control rod and the propeller shaft to more than 90°. The main distinction between the Kiekhaefer patent structure and the structure upon which appellant predicates patentability lies in the relationship between the cylindrical clutch-actuating pin and the cylindrical bearing element located on the control rod eccentric. In both disclosures, the forwardmost surface of the clutch-actuating pin is flat, vertical, and circular. Since in the Kiekhaefer patent structure the axes of the cylindrical bearing and pin elements are at right angles to each other, the area of engagement between the said pin surface and bearing is along a vertical line. In the corresponding structure of the application at bar a point contact exists between the cylindrical bearing and said circular pin surface because the forward rake of the bearing axis allows the outer periphery of the bearing to en-

predicate patentability on the particular orientation of the drive shaft. Accordingly, we will not consider further this aspect of appellant's disclosed invention.

gage the circular pin surface only at the lowermost point of the pin.

Appellant considers his particular gear shift structure advantageous and patentable, inter alia, because:

1. Friction between the pin which rotates with the propeller shaft and the bearing element is minimized. When the application pin engages its associated bearing element it causes the bearing to rotate because of the previously noted point contact therebetween. In the Kiekhaefer patent structure the line contact between the elements allegedly prevents such rotation.

2. Appellant's control rod bearing and clutch-actuating pin are so related that when the bearing is moved rearwardly by rotation of the control rod, initial contact between the pin and the cylindrical bearing is at the upper portion of the bearing. Due to the forward rake of the bearing axis, as the bearing engages the pin and forces it rearwardly, the point of contact between the pin and bearing moves downwardly and rearwardly along the outer periphery of the bearing. The total rearward movement of the pin, consequently, is the sum of the rearward component of movement of the bearing as it rotates about its axis, plus the rearward component of the pin's movement relative to the bearing due to the rake of the axis. In the Kiekhaefer patent structure, the rearward movement of the pin is limited by the rearward movement of the bearing on rotation, due to the perpendicular relationship between the bearing and pin axes. Appellant points to the fact that the pin movement in his new structure is not limited; a smaller control rod eccentric bearing assembly, therefore, can be used to impart a given rearward movement to the shaft pin. This being so, appellant further alleges that the lower propeller unit can be made smaller than was heretofore possible.

Konig discloses an outboard motor having its motor unit positioned forwardly of the propeller unit, the motor unit being connected to the propeller unit by means of a forwardly raked cylindrical housing.[3]

■ Claims 1 and 2 stand rejected as unpatentable over appellant Kiekhaefer's patent No. 2,623,490 taken with Konig. Since appellant's application was copending with that of the Kiekhaefer patent, the patent is a reference only with respect to what it claims. The issue is whether what is being claimed in the application at bar is subject matter which is patentably distinct from the subject matter already patented to appellant, or whether it is merely an unpatentable improvement thereon or variation thereof. In re Ockert, 245 F.2d 467, 44 CCPA 1024, 114 USPQ 330.

The pertinent subject matter claimed in the Kiekhaefer patent is represented by claim 8 thereof which reads as follows:

"In an underwater lower unit for an outboard motor including a gear housing and oppositely disposed and spaced driven gears rotating in opposite directions on a single axis, a propeller shaft extending through said driven gears and journally supported within said housing on said axis, said driven gears having clutch teeth formed in adjacent faces thereof, a flat bar carried flatwise within a slot formed in said shaft between said driven gears, said bar projecting from said shaft and movable in said slot between said driven gears into selective driving engagement with the clutch teeth of one thereof, said shaft having a central axial bore opening at one end thereof, a pin having one end thereof disposed in said bore and fitting in a notch centrally in the corresponding edge

3. Because Konig's patent is directed merely to the provision of carrying handles on a motor, disclosed as being forwardly raked, he did not disclose any internal motor structure; it is not apparent from Konig how torque is transferred from the upper forward motor unit to the lower rearward propeller unit. We see no basis for guessing at what structure in fact lies within the Konig motor housing. Accordingly, we limit our use of this reference to what it clearly discloses, the bare concept of forward rake.

of said bar and movable longitudinally to move said bar in one direction in said slot, and spring means in said bore engaging said bar in a second notch in the corresponding other edge thereof and disposed to bias said bar in the opposite direction, said pin and spring means securing said bar against displacement in said slot radially of said shaft, and a control shaft rotably carried by said gear housing and having an eccentrically formed bearing portion engageable with the other end of said pin to effect movement of said pin and said bar in one direction and against said spring means to limit movement of said bar and said pin by said spring means in the other direction."

This claim, like the claims on appeal, is directed to gear shift mechanism. Detailed though it is, it reads squarely on the gear shift mechanism disclosed in the application at bar. The only differences between the supporting disclosure of the patent and the disclosure of the application are those which result from so modifying the patent mechanism, wherein the control shaft and propeller shaft are perpendicular, or at a 90° angle to each other, as to adapt it to an outboard motor with a forward rake, wherein the said shafts are at an angle of 110° to each other. The features recited in the claims on appeal and relied on for patentability, are those, and only those, which result from changing the 90° relationships of the patent to the 110° (claimed as "substantially greater than 90°") relationship of the application.

Konig teaches the forward rake relationship of propeller shaft and drive shaft. While there may be no gear shift at all in Konig, and consequently no control shaft, there is one in the Kiekhaefer patent and we are unable to see that appellant has done anything unobvious in altering the parts of his patent to adapt them to a forward rake relationship.

Appellant states in regard to the changes made:

"The Board of Appeals correctly determined that the distinction between the claims here on appeal and Kiekhaefer '490 lies in the recited inclination of the control shaft unit."

Appellant also states:

"The results attributable to appellant's structure were brought about solely by the angularity between the clutch actuating pin and the pin actuating means or control rod."

It appears to us that the minor mechanical changes necessitated by forwardly raking the Kiekhaefer patent structure as well as such minor mechanical and functional advantages attributable thereto as may exist would be apparent to any mechanic of ordinary skill in this art. Appellant has not shown, therefore, that the claims on appeal are for an invention which is patentably distinct from the subject matter on which he has already obtained a patent.

The decision of the board is affirmed.

Affirmed.